IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARI McDONALD                  )
          Plaintiff,           )
                               )
     v.                        )  Civil Action No. 07-1627
                               )
ARAMARK CORPORATION,           )
          Defendant.           )

MEMORANDUM and ORDER

LANCASTER, J.                                    June 3, 2008

Plaintiff, acting pro se, has filed a civil complaint
and has attempted to allege causes of action under, inter alia,
the Americans With Disabilities Act, 42 U.S.C. §12101, et. seq.
For the reasons set forth below, in accordance with Fed.R.Civ.P.
41(b), the complaint will be dismissed for plaintiff's failure to
prosecute.


I.   BACKGROUND

On November 29, 2007, plaintiff filed a complaint
against defendant Aramark Corporation. Plaintiff failed to make
service of the complaint as required by Fed.R.Civ.P. 4.

On April 9, 2008, the court ordered plaintiff to show
cause, by April 29, 2008, why this action should not be dismissed
for her failure to prosecute. Plaintiff responded to the order
to show cause and requested additional time to make service.

[Doc. No. 3]. By order dated May 1, 2008, the court allowed plaintiff until May 30, 2008 to make service. [Doc. No. 4]. The order specifically advised plaintiff that, in the event she failed to comply, the court would dismiss this action for failure to prosecute. Plaintiff has failed to make service. Accordingly, for the reasons set forth below, this action will be dismissed for failure to prosecute.

## II. DISCUSSION

In <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984), the court of appeals established guidelines to determine whether to dismiss an action for a litigant's failure to prosecute. The court must take into consideration: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to comply with scheduling orders and to respond to discovery; 3) the history of delay; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the availability and effectiveness of alternative sanctions; and 6) the merit of the claim or defense. <u>Id</u>. at 868. With the foregoing factors in mind, the court turns to the circumstances of this case.

### 1) The extent of the party's personal responsibility.

This clearly is not a case where a party's rights are being sacrificed because her attorney is in contempt of a court order. Plaintiff is acting pro se and is responsible directly for the consequences of any action or, in this case, inaction taken by her in this litigation.

### 2) Prejudice to the adversary.

Because plaintiff seeks damages from defendant, if plaintiff never prosecutes the case, defendant indirectly prevails. Yet, defendant, like all parties, has a greater interest in having litigation brought to an end. Defendant is prejudiced by the uncertainty, expense and inconvenience that are inherent when a case such as this extends indefinitely.

### 3) A history of dilatoriness.

We fail to see where plaintiff has taken any substantial action to prosecute this case.

### 4) Whether plaintiff's conduct was willful.

Because plaintiff has failed to make service we can only presume that she has abandoned the project.

3

### 5) Alternative sanctions.

Generally, the most effective sanction that can be levied against a party or her attorney is the imposition of the costs incurred by the adversary. However, because plaintiff is proceeding pro se and apparently unable to retain an attorney, the threat of monetary sanctions is, as a practical matter, nonexistent. Additionally, because plaintiff is not an attorney, the court is unable to impose disciplinary action against plaintiff. Thus, the court finds that dismissal is the only effective sanction that can be imposed on plaintiff.

### 6) Merits of the claim.

Upon review of the complaint, the court concludes that plaintiff's likelihood of succeeding on the merits is slight.

### III. CONCLUSION

Upon consideration of all the above factors, the court finds that they weigh in favor of dismissing the complaint. Thus, the complaint will be dismissed for plaintiff's failure to prosecute. The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARI McDONALD                      )
         Plaintiff,                )
                                   )
    v.                             )  Civil Action No. 07-1627
                                   )
PNC BANK, BANK of AMERICA,         )
ARAMARK BENEFITS                   )
ADMINISTRATOR,                     )
THEODORE T. BLAIR and              )
ASSOCIATES, LLC, DAVID             )
O'CONNEL, MARY K. McDONALD         )
MARRUCI, HON. EUGENE               )
SCANLON, MARY ADAMCHYK,            )
and STEPHEN JOHNSON                )
         Defendants.               )

ORDER

AND NOW, this 3 1d day of June, 2008, IT IS HEREBY

ORDERED that this action is DISMISSED.  The Clerk of Court is

directed to mark the case closed.

BY THE COURT:

_____, J.

cc:   Mari McDonald
      Box 388
      Sewickley, PA  15143